UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK JARECKE,<br>      Plaintiff, | :<br>:<br>: PRISONER CASE NO: |
| v. | : 3:07-cv-1281 (JCH) |
| RONALD HENSLEY, et al.,<br>      Defendants. | :<br>: APRIL 23, 2008<br>: |

**RULING RE: PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [Doc. No. 28]**

Plaintiff, Mark Jarecke ("Jarecke"), suffers from several mental illnesses. In this action, he challenges his mental health treatment and an attempt to transfer him to a correctional facility with dormitory housing. Jarecke has filed a motion for preliminary injunction. Although he does not clearly identify the relief he requests, the court assumes that Jarecke seeks an order that he be prescribed lithium, that he not be transferred to any correctional facility with dormitory housing, and that he be assigned to a single cell. For the reasons that follow, Jarecke's Motion for Preliminary Injunction is denied.

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (emphasis, internal quotation marks and citation omitted). "A party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of

irreparable harm if the requested relief is denied." Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-53 (2d Cir. 2007). If a party seeks a mandatory injunction, *i.e.*, an injunction that alters the status quo by commanding the defendant to perform a positive act, he must meet a higher standard. "[I]n addition to demonstrating irreparable harm, "[t]he moving party must make a clear or substantial showing of a likelihood of success" on the merits, . . . a standard especially appropriate when a preliminary injunction is sought against government." D.D. ex rel. V.D. v. New York City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006) (citations omitted). To the extent plaintiff asks to be prescribed certain medication, Jarecke must meet the higher standard for mandatory injunctive relief.

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. See Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations, 107 F.3d 979, 984 (2d Cir.1997). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995). Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

Defendants argue that Jarecke has neither demonstrated that he will suffer irreparable harm should this motion be denied nor shown a likelihood of success on the merits of his claims. In opposition to the motion, they submit the affidavits of Dr. Ronald Hensley, one of Jarecke's treating psychiatrists; Dr. Suzanne Ducate, the Director of

Psychiatric Services for the Department of Correction; and Nurse Practitioner Philip Frick, the individual currently prescribing medication for Jarecke. Defendants also submit Jarecke's mental health records from November 2002 through the present.

A prisoner advancing an Eighth Amendment claim for denial of medical or mental health care must allege and prove deliberate indifference to a serious medical or mental health need. See Wilson v. Seiter, 501 U.S. 294, 297 (1991). He must show more than negligence, "but less than conduct undertaken for the very purpose of causing harm." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir.1994). The test is twofold. First, the prisoner must show that there was a sufficiently serious medical or mental health need. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Id. Prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Disagreement over proper treatment or diagnosis does not create a constitutional claim as long as the treatment was adequate. Id. at 107.

In 2002, Jarecke reported diagnoses of bipolar disorder, antisocial personality traits, post-traumatic stress disorder and substance abuse. See Pl. Mot., Doc. No. 28, Ex. 1. Jarecke's mental health providers agree, however, that his symptoms are not indicative of bipolar disorder. They have diagnosed Jarecke with antisocial personality disorder and borderline personality disorder. See Hensley Aff., Doc. No. 32-3, ¶¶ 6-11; Ducate Aff., Doc. No. 32-1, ¶¶ 9-11; Frick Aff., Doc. No. 32-2, ¶ 17.

Jarecke asks the court to order that he be prescribed lithium. Lithium is not

3

generally used to treat Jarecke's disorders. Hensley Aff., ¶ 32; Ducate Aff., ¶ 15. Jarecke's mental health providers report that there is no medication for direct treatment of antisocial personality disorder or borderline personality disorder. Hensley Aff., ¶ 14; Ducate Aff., ¶ 12; Frick Aff., ¶17. While incarcerated, Jarecke was prescribed several different medications for anger and impulse control and depression. Jarecke refused many of the medications outright or hoarded them. He also self-medicated with medications obtained from other inmates. Hensley Aff., ¶¶ 13, 19. When asked to keep a journal to assist treatment providers in determining what triggered certain reactions to facilitate treatment and identify conditions for which medication would be appropriate, Jarecke refused. Frick Aff., ¶¶ 14-15, 18.

Prisoners do not have a constitutional right to their treatment of choice; disagreement over treatment does not rise to the level of a constitutional violation as long as the treatment provided is adequate. Chance v. Armstrong, 143 F.3d 698, 703 (2d. Cir. 1998). Jarecke has provided no objective evidence showing that the treatment he has received is inadequate. The medical opinions of the medical professionals indicate that Jarecke is doing well under his current treatment. Frick Aff., ¶ 20; Hensley Aff., ¶ 35; Ducate Aff., ¶ 16. Thus, Jarecke has not demonstrated a likelihood of success on the merits of this claim or that he will suffer irreparable harm should the motion be denied. In addition, in light of Jarecke's anticipated release on parole in October 2008, mental health staff has agreed to explore using this medication if Jarecke will agree to comply with strict guidelines. Hensley Aff., ¶¶ 31-33; Ducate Aff., ¶¶ 15-16. Thus, if Jarecke agrees to the guidelines, he may receive the lithium he requests and this portion of the preliminary injunction would be moot.

Jarecke next asks that he not be transferred to any correctional facility with dormitory housing. He states that, because he was raised in rural Virginia, he finds a dormitory setting stressful. Inmates have no constitutionally protected right to be confined in any particular correctional facility or housing unit. See Olim v. Wakinekona, 461 U.S. 238, 248 (1983) (inmates have no right to be confined in a particular prison within a given state); Meachum v. Fano, 427 U.S. 215, 225 (1976) (transfer among correctional facilities, without more, does not violate inmate's constitutional rights, even where conditions in one prison are "more disagreeable" or the prison has "more severe rules). Although Jarecke alleges that a dormitory causes him stress, he provides no medical diagnosis that would preclude transfer to a dormitory setting. Thus, Jarecke fails to present evidence suggesting a likelihood of success on this claim. Further, although no mental health provider opines that Jarecke cannot be transferred to a facility with dormitory housing, they agree that it is unlikely that Jarecke will be transferred from Osborn Correctional Institution before his parole in October 2008. Hensley Aff., ¶¶ 22-24, 26; Ducate Aff., ¶¶ 17-18. In light of this representation, Jarecke also fails to show that he would suffer irreparable harm should the court decline to order that he remain at Osborn Correctional Institution.

Finally, Jarecke asks that he be assigned a single cell because he believes the solace of a single cell would relieve his anxiety. The Eighth Amendment guarantees Jarecke only the "basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety." DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 200 (1989). To prevail on an Eighth Amendment claim, Jarecke must show that his confinement violates contemporary standards of decency. See Phelps v. Kapnolas,

5

308 F.3d 180, 185 (2d Cir. 2002). Restrictive or harsh conditions do not satisfy this requirement. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Sharing a cell with another inmate is not unconstitutional. See id. at 347-48 (holding that double-celling inmates in an overcrowded facility was not unconstitutional).

Jarecke has provided no medical or mental health diagnosis that would require his confinement in a single cell. His mental health providers state there is no such reason. Hensley Aff., ¶ 26; Ducate Aff., ¶18. Thus, Jarecke has not demonstrated a likelihood of success on the merits of this claim.

Jarecke's Motion for Preliminary Injunction [**Doc. No. 28**] is **DENIED**.

**SO ORDERED.**

Dated this 23rd day of April 2008, at Bridgeport, Connecticut.

       /s/ Janet C. Hall
       Janet C. Hall
       United States District Judge