UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK ERIC JARECKE : | |
| : | PRISONER CASE NO. |
| v. : | 3:07-cv-1281 (JCH) |
| : | |
| RONALD HENSLEY, et al. : | OCTOBER 14, 2008 |

RULING RE: MOTION TO COMPEL [Doc. No. 52]
AND SUPPLEMENTAL SPOLIATION CLAIM [Doc. No. 53]

On July 23, 2008, plaintiff moved for extension of time to respond to defendants' Motion for Summary Judgment, stating that he could respond to the Motion if he were afforded an additional ninety days. The court granted plaintiff's Motion and directed him to file his opposition to the Motion for Summary Judgment on or before October 20, 2008. Plaintiff now files a Motion to Compel defendants to respond to his May 4, 2008 requests for production and a document entitled "Supplemental Spoliation Claim Supported by Evidential Fact and Memorandum of Cases." For the reasons that follow, plaintiff's Motion to Compel will be denied, and he will not be permitted to amend the complaint.

Shortly before filing this Motion, plaintiff sent defendants' counsel a letter informing him that plaintiff intended to submit additional discovery requests. In response, counsel asked plaintiff to send him a concise list of documents plaintiff needed to respond to the Motion for Summary Judgment. Plaintiff submitted a list, which he described as very similar to his prior request for production of documents. On October 7, 2008, defendants responded by providing all of the existing documents requested, including a complete copy of plaintiff's medical and mental health file. See Doc. No. 54. In light of defendants' response to plaintiff's request for documents, the

Motion to Compel is denied as moot.

The court construes plaintiff's "Supplemental Spoliation Claim" as an attempt tp amend the complaint. Amended complaints are governed by Rule 15(a), Fed. R. Civ. P., which provides that permission to amend a complaint "shall be freely given when justice so requires." Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). Plaintiff included a reference to spoliation of evidence, namely, the destruction of a videotape, in his original complaint. As Rule 8(a), Fed. R. Civ. P., requires only a short, plain statement of his claim in the complaint, further amendment regarding this claim is not required. Accordingly, leave to amend is denied. If plaintiff wishes the court to consider the exhibits attached to this document in opposition to the Motion for Summary Judgment, he shall properly reference them in his Local Rule 56(a)2 Statement.

In conclusion, plaintiff's Motion to Compel [**Doc. No. 52**] is **DENIED** as moot. Construing Document No. 53 as a request to amend the complaint to add a spoliation of evidence claim, the request is **DENIED** because that claim is included in the complaint.

**SO ORDERED** this 14th day of October 2008, at Bridgeport, Connecticut.

    /s/ Janet C. Hall
    Janet C. Hall
    United States District Judge